IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-27-BO

| | |
|---|---|
| BENNIE HOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [D.E. 16, 19]. On April 25, 2018, the court held a hearing on this matter [D.E. 23]. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## **BACKGROUND**

On June 28, 2013, plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act ("Act") and supplemental security income benefits under Title XVI of the Act. [Tr. 306, 313]. Plaintiff alleged a disability onset date of May 11, 2013. *Id.* Plaintiff's applications were denied initially and upon reconsideration. [Tr. 206, 220, 228]. An Administrative Law Judge ("ALJ") held hearings to consider plaintiff's claims *de novo*. [Tr. 36–64, 65–113]. On May 18, 2016, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. [Tr. 13–29]. Plaintiff appealed and, on April 19, 2017, the Appeals Council denied review, thereby rendering the ALJ's decision the final decision of the Commissioner. [Tr. 1–4]. On June 26, 2017, plaintiff filed a complaint seeking review of the Commissioner's final decision pursuant to, among other things, 42 U.S.C. § 405(g). [D.E. 5].

## **LEGAL STANDARD**

A district court's review of the Commissioner's final decision is limited to determining whether the correct legal standard was applied and whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

Under the Act, an individual is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). Further:

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work . . . .

42 U.S.C. § 1382c(a)(3)(B).

The ALJ engages in a sequential five-step evaluation process to make an initial disability determination. 20 C.F.R. § 404.1520(a); *see Johnson*, 434 F.3d at 653. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). If a decision regarding the claimant's disability can be made at any step of the process, the ALJ's inquiry ceases. 20 C.F.R. § 404.1520(a)(4).

When evaluating adults, the ALJ denies the claim at step one if the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4). At step two, the ALJ denies the claim if the claimant does not have a severe impairment or combination of impairments significantly limiting him from performing basic work activities. *Id.* At step three, the ALJ

2

compares the claimant's impairment to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed, or equivalent to a listed impairment, disability is conclusively presumed without considering the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ then makes a residual functional capacity ("RFC") finding. 20 C.F.R. § 404.1545(e).

In making an RFC finding, the ALJ's considers both severe and non-severe impairments, and any combination thereof, and takes into account both objective medical evidence as well as subjective complaints of pain and limitations. 20 C.F.R. § 404.1545(e). The ALJ further considers the claimant's ability to meet the physical, mental, sensory, and other requirements of accomplishing work. 20 C.F.R. § 404.1545(a)(4). An RFC finding is meant to reflect the most that a claimant can do, despite his limitations. 20 C.F.R. § 404.1545(a)(1). Moreover, an RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. *See* SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

At step four, the ALJ considers a claimant's RFC to determine whether he can perform past relevant work ("PRW") despite his impairments. 20 C.F.R. § 416.920(a)(4). If not, the ALJ proceeds to step five of the analysis: establishing whether the claimant–based on his RFC, age, education, and work experience–can make an adjustment to perform other work. *Id.* If the claimant cannot perform other work, the ALJ finds him disabled. *Id.*

## THE ALJ's DECISION

Here, at step one, the ALJ found plaintiff had not engaged in substantial gainful activity since May 11, 2013, the alleged disability onset date. [Tr. 19]. At step two, the ALJ enumerated plaintiff's severe impairments: sarcoidosis, hypertension, mild degenerative joint disease, and

3

GERD. *Id.* At step three, the ALJ found that none of plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 20]. The ALJ then determined that plaintiff had the RFC to perform medium work, as defined in 20 CFR 404.1567(c) and 416.967(c), with the following restrictions:

> The claimant can stand and/or walk for about 6 hours, and sit for up to 6 hours, in an 8-hour day. He can lift and/or carry 25 pounds frequently and 50 pounds occasionally. The claimant can occasionally operate foot controls bilaterally. He can occasionally climb ladders, ropes, or scaffolds; frequently stoop, kneel, crouch and crawl; and frequently climb ramps or stairs. He should avoid concentrated exposure to extreme cold and extreme heat, and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dust, gasses, and poorly ventilated areas. The claimant should also avoid concentrated exposure to moving machinery, hazardous machinery and unprotected heights.

[Tr. 21].

The vocational expert ("VE") testified that plaintiff could not return to his PRW as a loader and unloader or a boat assembler. [Tr. 57–58]. The VE also testified that plaintiff would be able to perform the requirements of the representative occupations of hospital cleaner (DOT# 323.687-010), grocery bagger (DOT# 920.687-014), and auto detailer (DOT# 915.687-034). [Tr. 59].

At step four, the ALJ found that plaintiff could not resume his PRW. [Tr. 27]. At step five–in reliance upon the VE's testimony regarding alternative jobs that plaintiff could perform, and after considering plaintiff's age, education, work experience, and RFC–the ALJ determined that plaintiff was not disabled. [Tr. 27–29].

## DISCUSSION

Plaintiff's first contention is that the ALJ erred by failing to assign substantial weight to the North Carolina Department of Health and Human Services (NCDHHS) decision that found plaintiff disabled pursuant to 20 C.F.R. 416.920(f), Appendix (2) Vocational Rule 201.14, and granted benefits as of May 2015. *See* [Tr. 483]. After the Commissioner's final decision, the

4

Fourth Circuit explicitly held that NCDHHS disability decisions, like those of the Veterans' Administration, ordinarily are entitled to substantial weight. *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018). Although an ALJ may assign less weight to the NCDHHS decision, she must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

Here, the ALJ merely concluded that the NCDHHS disability decision was due "minimal weight" because it was "inconsistent" with other medical evidence and plaintiff's work history. [Tr. 26]. Succinctly stated, the ALJ neither afforded the NCDHHS decision substantial weight nor provided specific reasons for finding otherwise as *Woods* requires. This was not harmless error because, contrary to the ALJ's finding, contemporaneous medical and rehabilitation records do support the NCDHHS decision. *See, e.g.,* [Tr. 456–57] (October 2014 rehabilitation analysis finding impairments of sarcoidosis including shortness of breath and wheezing with difficulty breathing on exertion); [Tr. 587–90] (November 2013 examination noting prior diagnosis of sarcoidosis); [Tr. 594–97] (November 2013 medical evaluation noting chronic shortness of breath); [Tr. 599] (November 2013 pulmonary function examination finding shortness of breath on exertion and coughing during test); [Tr. 604] (February 2014 letter by plaintiff's primary care provider, Tejwant Chandi, M.D., noting sarcoidosis, hypertension, and bilateral degenerative joint disease and that, due to these conditions, plaintiff experiences shortness of breath and is unable to stand for long periods of time); [Tr. 606] (January 2015 opinion by pulmonologist Jasvinder Singh, M.D., noting dyspnea on exertion); [Tr. 607–08] (June 2015 form by Dr. Chandi noting plaintiff is unable to return to work due to sarcoidosis). Although the ALJ found the NCDHHS decision is undermined by plaintiff's work history from 2010 until May 2015, [Tr. 26], this conflicts with the ALJ's determination that plaintiff had not engaged in substantial gainful employment since the

5

alleged onset date of May 11, 2013, [Tr. 19]. In sum, the ALJ's assignment of minimal weight to the NCDHHS disability opinion does not meet the standard explicated by *Woods*, 888 F.3d at 692.

The court also agrees with plaintiff's contention that the ALJ gave inadequate weight to the opinions of Drs. Chandi and Singh, two treating physicians. An ALJ is entitled to give little weight to a medical opinion. *See, e.g., Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) ("[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) ("By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, an ALJ must apply various factors and give "good reasons" for not assigning controlling weight to a treating physician's opinion, 20 C.F.R. § 404.1527(c)(2), and an ALJ may not reject medical evidence for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980).

Here, by finding that conservative treatment regimens recommended by Drs. Chandi and Singh cast doubt on their medical opinions that plaintiff's conditions were disabling, *see* [Tr. 22–24], the ALJ impermissibly substitutes her own unqualified "medical knowledge" for that of a treating physician, *see, e.g., Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) ("In light of the extensive treatment [plaintiff] received for her various conditions, the ALJ's designation of [plaintiff's] course of treatment as 'conservative' amounts to improperly 'playing doctor' in contravention of the requirements of applicable regulations." (citations omitted)); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ cannot disregard medical evidence simply because it is at odds with the ALJ's own unqualified opinion."). To the extent that the ALJ found these treating physicians' opinions were insufficiently detailed to determine whether plaintiff's medical conditions were disabling, or otherwise were inconsistent with other medical evidence,

6

the ALJ is empowered to, among other things, contact the treating source, request additional records, ask the claimant or others for additional information, and/or purchase a consultative examination. *See* SSR 12-2p, 2012 WL 3104869, at *4 (citing 20 C.F.R. §§ 404.1520b(c), 416.920b(c)). The ALJ's decision does not indicate that any of these remedial steps were taken.

Because the ALJ failed to give significant weight both to the NCDHHS decision and the opinions of treating physicians, or to explain adequately why such weight was not appropriate, the ALJ's decision is not supported by substantial evidence, *see Perales*, 402 U.S. at 401, and further judicial review is stymied, *see DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."). Accordingly, the court remands the matter and directs the ALJ to apply in the first instance the new guidance provided by *Woods* and to address adequately the opinions of plaintiff's treating physicians. *See Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (noting that remand is required when the ALJ fails to explain his or her reasoning and there is ambivalence in the medical record, thereby precluding a court from "undertaking a 'meaningful review'"). The court need not address plaintiff's additional contentions of error, *see, e.g., Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (declining to address a claimant's additional arguments after remanding on other grounds), but the ALJ should take note of them on remand.

## CONCLUSION

In sum, plaintiff's motion for judgment on the pleadings [D.E. 16] is GRANTED, defendant's motion for judgment on the pleadings [D.E. 19] is DENIED, and the decision of the Commissioner is REMANDED for further proceedings consistent with this decision.

SO ORDERED. This 5 day of September, 2018.

TERRENCE W. BOYLE
United States District Judge

7